FT. WAYNE CORRUGATED PAPER COMPANY ET AL. v.
TOBEY ET AL.

[No. 12,526.   Filed January 15, 1926.   Rehearing denied April
17, 1926.]

1. MASTER AND SERVANT.—*Finding of Industrial Board that
death of employee resulted from tetanus sustained by the evi-
dence.*—In a proceeding under the Workmen's Compensation
Act, evidence *held* to sustain finding of Industrial Board that
an injured employee died from tetanus, resulting from injury
sustained during employment.   p. 407.

2. MASTER AND SERVANT.—*Wife living apart from husband at
time of his death because of his mistreatment conclusively pre-
sumed to be dependent under Workmen's Compensation Act.*—
Under §38 of the Workmen's Compensation Act (§9483 Burns
1926), a wife who has left her husband because of his mis-
treatment and is living apart from him at the time of his in-
jury and death is conclusively presumed to be a dependent.
p. 408.

3. MASTER AND SERVANT.—*Industrial Board authorized to hear
evidence as to wife's reason for living apart from husband
when necessary to determine whether she was dependent.*—
Industrial Board authorized to hear evidence in order to de-
termine whether the wife of an injured employee was justified
in leaving him and living apart from him when it becomes
necessary to determine whether she was a dependent of her
husband under §38 of the Workmen's Compensation Act (§9483
Burns 1926).   p. 408.

From Industrial Board of Indiana.

Application by Malinda Ann Tobey and another for
compensation under the Workmen's Compensation Act
for the death of Albert B. Tobey, opposed by the Ft.
Wayne Corrugated Paper Company, employer, and the
American Mutual Liability Company, insurance carrier.
From an award for claimants, the defendants appeal.
*Affirmed.*   By the court in banc.

*Joseph W. Hutchinson,* for appellants.

*John A. Bonham* and *Robert W. Bonham,* for appel-
lees.

McMAHAN, J.—Application by appellees for compen-
sation, it being claimed that Albert B. Tobey, the hus-
band and father of appellees, died as the result of an

injury received by him by reason of an accident arising out of and in the course of his employment by the Fort Wayne Corrugated Paper Company, and that appellees were totally dependent upon him for support. From an award in favor of appellees, appellants appeal, and contend: (1) That the evidence fails to show that the injury received caused the death; (2) that dependency has not been proved.

On October 24, 1924, Albert B. Tobey, while in the employ of appellant paper company received an accidental injury to his hand which arose out of and in the course of his employment. He was taken to a hospital immediately after the injury and remained there until November 1, when he died. On reaching the hospital, he was placed in a five-bed ward, where he remained until late in the afternoon of November 1, when he was placed in a ward by himself, symptoms of tetanus having developed prior to that time. The doctor who treated him while at the hospital testified that the cause of his death was chronic nephritis; that the injury did not accelerate his death; that he had no tetanus or symptoms of it. The superintendent of the nurses at the hospital, however, testified that she called the attention of Dr. Sellar and Dr. Newland to the fact that the injured man had symptoms of tetanus, and that she thought he should be isolated and that he was later placed in a private ward. Dr. Newland testified concerning the condition of the deceased employee while at the hospital, and that, in his opinion, he was suffering from tetanus and that he advised isolation.

Dr. Sellars testified that he, on several days, observed the injured man at the hospital and that he complained of pain in his neck and was unable to use his neck; that he complained that his head felt like it was drawing back; that he advised him to speak to his doctor about this pain; that Tobey made

1.

the same complaint to him the next day. This occurred several days before he died. That he, Dr. Sellars, hinted isolation to the superintendent of nurses; that the condition of the man indicated tetanus. There was other evidence tending to prove that the deceased was suffering from tetanus immediately before and at the time of his death, and, in our opinion, the Industrial Board was justified in finding that the deceased died from tetanus and that this was brought about as a result of the injury.

The deceased and his wife were not living together at the time of his injury and death. His wife had left him more than a year before and was then living in 2, 3. a different part of the state. The evidence is sufficient to sustain a finding that she was justified in leaving her husband because of his treatment of her. Section 38 of the Workmen's Compensation Act of this state, Acts 1919 p. 158, §9483 Burns 1926, among other things, provides that a wife is conclusively presumed to be dependent upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at the time of his death. Appellants contend that there having been no adjudication by a court of competent jurisdiction, the board could not know that a duty rested on the husband to support his wife where she had left him and that the board had no authority to determine that question. We do not concur in this contention. We are of the opinion that the board had authority to hear evidence for the purpose of showing that the wife of the injured employee was justified in leaving him, and that the evidence is sufficient to sustain a finding that at the time of his death the laws of this state imposed upon him the obligation to support her although she was not living with him at that time.

Award affirmed.